IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| JULIANA BURD and HAROLD BURD, | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) Case No. 13-00015-CV-W-JTM |
| | ) |
| COUNTRY PREFERRED INSURANCE | ) |
| COMPANY and BRYAN PETWAY, | ) |
| | ) |
| Defendants. | ) |

## ORDER

On January 6, 2012, plaintiffs Juliana and Harold Burd ("the Burds") filed an action in the Circuit Court of Jackson County, Missouri, against two defendants: County Preferred Insurance Company ("CPIC") and Bryan Petway ("Petway"). [1] The Burds and Petway are all residents of the State of Missouri and CPIC is an Illinois corporation. On March 2, 2011, CPIC – through its attorney – filed an answer. Petway, however, did not answer, nor did any attorney enter an appearance on his behalf.

On December 20, 2012, however, CPIC's counsel filed a NOTICE OF ACTIVE MILITARY DUTY with the state court, indicating that Petway was a member of the United States Navy and was being deployed to Afghanistan. Thereafter, and following an unsuccessful mediation of the case, on January 3, 2013, counsel for CPIC wrote to the attorney representing the Burds and

---

[1] In actuality, the Burds filed a previous lawsuit against both CPIC and Petway in state court on January 10, 2011. At that time, the Burds could not accomplish service on Petway and dismissed the claim against him. CPIC then removed the case to this Court based on diversity of citizenship. Thereafter, the Burds sought to dismiss the case without prejudice in the hope of locating and serving Petway in a new lawsuit. CPIC did not object to the dismissal and the case was dsimissed without prejudice by the Court on December 21, 2011 (with a later award of costs in the amount of $4,558.50 made to CPIC pursuant to FED. R. CIV. P. 54(d)(1) and 28 U.S.C. § 1920).

indicated that a scheduled doctor's deposition set for January 8, 2013, would need to be canceled because "the entire case has been stayed as a matter of Federal law." The attorney for the Burds did not agree to cancel the doctor's deposition set for January 8, 2013. Counsel for CPIC then wrote to the attorney for the Burds stating that he believed an order from the state court was necessary so that the parties "would not be sitting for a year."

Subsequently, the parties submitted to the state court (and the state court entered) an order that provided:

> 1. *The Court has been notified that the defendant, Petway, has been called to active military service and is currently serving on active duty in the United States Navy. Although Mr. Petway has not requested a stay, he has indicated that he will be on active duty for up to one year.*
>
> 2. *Plaintiff, who is not a military member, would like to prepare for trial and therefore moves the Court for its Order allowing Plaintiff to proceed on her claims against [CPIC], even though the defendant Petway is on active military duty.*
>
> 3. *Pursuant to 50 U.S.C. 525(b), Plaintiff may proceed on her claims against [CPIC] even though defendant Petway is on active military duty with the approval of the Court.*
>
> 4. *The case is set for trial in February.*
>
> 5. *It appears that Mr. Pertway will be on active military service for approximately one year. He has orders to Afghanistan.*
>
> 6. *The Court orders that Plaintiff may proceed with her claims against [CPIC] pursuant to 50 U.S.C. 525(b).*

The state court entered its order some time on Monday, January 7, 2013 – a year and one day after the case was first filed. Later that day, at 4:16 p.m., CPIC filed a notice of removal representing that there was diversity of citizenship between the Burds and CPIC and that the amount in controversy exceeded $75,000.00.

2

Case 4:13-cv-00015-JTM   Document 13   Filed 03/29/13   Page 2 of 9

Presently pending before the Court is the motion to remand [Doc. 6] filed by the Burds. In their motion, the Burds assert two grounds for the remand, to wit:

(1) the notice of removal was untimely, and

(2) there is no diversity of citizenship to support removal.

For the reasons set out, the motion to remand is granted.

It is axiomatic that federal courts are court of limited jurisdiction. *Godfrey v. Pulitzer Pub. Co.,* 161 F.3d 1137, 1141 (8th Cir. 1998). As such, federal courts "possess only that power authorized by Constitution and statute." *Kokkonen v. Guardian Life Ins. Co.,* 511 U.S. 375, 377, 114 S.Ct. 1673, 1675 (1994). Where so authorized, federal courts have a "virtually unflagging obligation . . . to exercise the jurisdiction given them." *Barzilay v. Barzilay,* 536 F.3d 844, 849 (8th Cir. 2008). However, if a federal court takes action in a dispute over which it lacks subject matter jurisdiction, that action is a nullity. *Compare Hart v. Terminex Int'l,* 336 F.3d 541, 541-42 (7th Cir. 2003) (noting that it was "regrettable" that the case had to be dismissed for lack of subject matter jurisdiction "rendering everything that has occurred in [the] eight years [of litigation] a nullity"). Congress has determined that federal district courts should have original jurisdiction "of all civil actions where the matter in controversy exceeds the sum or value of $75,000, . . . and is between citizens of different States. . . ." 28 U.S.C. § 1332. With regard to such statutorily-created federal court jurisdiction, it has long been recognized that diversity jurisdiction requires all defendants to be diverse from all plaintiffs. *Strawbridge v. Curtiss,* 7 U.S. (3 Cranch) 267, 267, 2 L.Ed. 435 (1806).

A claim may be removed to federal court only if it could have been brought in federal court originally; thus, the diversity and amount in controversy requirements of 28 U.S.C. § 1332 must be met or a claim is subject to remand to state court. *Peters v. Union Pacific R.R. Co.,* 80

3

F.3d 257, 260 (8th Cir.1996). The party invoking federal jurisdiction bears the burden of proof that the prerequisites to jurisdiction are satisfied. *Central Iowa Power Co-op. v. Midwest Indep. Transmission Sys. Operator, Inc.,* 561 F.3d 904, 912 (8th Cir.2009). To that end:

> Removal statutes are strictly construed, and any doubts about the propriety of removal are resolved in favor of state court jurisdiction and remand.

*Manning v. Wal–Mart Stores East, Inc.,* 304 F.Supp.2d 1146, 1148 (E.D.Mo.2004) (*citing Transit Cas. Co. v. Certain Underwriters at Lloyd's of London,* 119 F.3d 619, 625 (8th Cir. 1997)).

Inasmuch as a civil action brought in state court may be removed to the proper district court only if the district court has original jurisdiction of the action, as a basic proposition, actions where jurisdiction is predicated solely on diversity are "removable only if none of the parties in interest properly joined and served as defendants is a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b). This presents the initial question to be answered in this case – is Petway still a "party in interest"[2] in this case so as to defeat diversity?

CPIC argues that the state court's order permitting the Burds to proceed on their claims against CPIC, even though the defendant Petway is on active military duty, creates a removable action as to CPIC because the Burds' "action against Bryan Petway was stayed pursuant to the Servicepersons Civil Relief Act . . . by the Circuit Court's Order." Initially, it must be noted that CPIC's argument that the Burd's action against Petway has been stayed is wholly erroneous.

The Servicemembers Civil Relief Act, 50 App. U.S.C. §§ 501, *et seq.* ("SCRA"), was enacted to "protect those who have been obliged to drop their own affairs to take up the burdens of the nation." *Boone v. Lightner,* 319 U.S. 561, 575, 63 S.Ct. 1223, 1231 (1943). Among the

---

[2] There is no issue raised as to whether Petway was properly joined or properly served.

protections afforded by the SCRA is the ability of a servicemember to seek relief "from exposure to personal liability without an opportunity to appear and defend in person." *United States Bank National Ass'n v. Gilliam*, 2012 WL 1067669, op. at *2 (N.D.Cal. Mar. 28, 2012). In that regard, the SCRA provides :

> A stay of an action, proceeding, attachment, or execution made pursuant to the provisions of this Act . . . by a court may be ordered for the period of military service and 90 days thereafter, or for any part of that period. The court may set the terms and amounts for such installment payments as is considered reasonable by the court.

50 App. U.S.C. § 525(a). This relief, however, was not sought by Petway nor was this relief granted by the state court. Instead, the state court's order arose under the immediately following section of the SCRA which provides:

> If the servicemember is a codefendant with others who are not in military service and who are not entitled to the relief and protections provided under this Act . . ., the plaintiff may proceed against those other defendants with the approval of the court.

50 App. U.S.C.A. § 525(b). Thus, the Burds' claims against Petway remain alive and intact and, more to the point, Petway remains a defendant – a non-diverse defendant – in the case and complete diversity is lacking.

Moreover, the result would not be different even if the state court had formally stayed the proceedings as to Petway. In its pleadings with the Court, CPIC equates a SCRA stay to the automatic stays that are engendered by a bankruptcy filing. The analogy is apt, though CPIC draws the wrong conclusion. An illustrative case is *Reichley v. Abercrombie & Fitch Stores, Inc.*, 2009 WL 5196140, slip op. (W.D. Mich. Dec. 22, 2009).

In *Reichley*, the plaintiffs filed an action in state court against a non-diverse individual defendant and a diverse corporate defendant. After the action was filed, the non-diverse

5

individual defendant filed for bankruptcy triggering the automatic stay provisions of 11 U.S.C. § 362. As a result of the stay, the state court entered an order for an "administrative closing" of the claim against the non-diverse individual defendant. Thereafter, the diverse corporate defendant removed the case to federal court. The plaintiffs then moved to remand.

The district court acknowledged that "[e]ven if diversity jurisdiction is lacking when an action is originally filed, the action may become removable upon the dismissal of the party or parties that block complete diversity." *Id*. at *1. The court concluded, however, that the bankruptcy stay and "administrative closing" did not meet this standard.

> the barrier to removal created by the existence of a non-diverse party can be remedied only when dismissal of the non-diverse party is certain and final.

*Id. (citing Barron v. Werner Enters., Inc.,* 462 F.Supp.2d 1217, 1220 (M.D.Ala.2006) (noting that finality of the dismissal is a necessary condition to removal); *Pulse One Commc'ns, Inc. v. Bell Atl. Mobile Sys., Inc.,* 760 F.Supp. 82, 83 (D.Md.1991) (noting that removal is only proper when a nondiverse party has been "terminated from the action with sufficient finality").

The court noted that an "administrative closing" was not a certain and final dismissal even though the claim was "likely to remain moribund for an appreciable period of time." *Id*. at *2. The court also noted that if the stay were viewed as creating diversity and the case proceeded in federal court, diversity jurisdiction could subsequently be destroyed if the stay were lifted while the case was still pending in federal court. *Id*. Consequently, the court concluded:

> Deference for state court jurisdiction requires that a case against a non-diverse party be fully and finally dismissed, and not merely temporarily closed pursuant to the automatic stay imposed by the filing of a bankruptcy petition, before federal diversity jurisdiction may be exercised.

*Id.* *See also McDowell Welding & Pipefitting, Inc. v. U.S. Gypsum Co.,* 285 B.R. 460, 470 (D.Or. 2002) (declining to exercise removal jurisdiction based on diversity when the only non-diverse defendant filed for bankruptcy); *Stewart v. A .G. Edwards & Sons, Inc.,* 74 B.R. 26, 27 (D.S.C. 1987) (same).

Of course, there are instances where a case that was not originally removable due to diversity, in fact, may be later removed.[3] However, the circumstances in such cases are far different from the situation presented by the facts of this litigation. For instance, removal is permitted when a plaintiff voluntarily dismisses the non-diverse defendant. *See*, *e.g.*, *In re Iowa Manufacturing Co.*, 747 F.2d 462, 463 (8th Cir. 1984). *But see Knudson v. Systems Painters, Inc.*, 634 F.3d 968, 976-77 (8th Cir. 2011) (diversity for removal is not created where the dismissal of the non-diverse defendant is "involuntary," *i.e.*, not at the initiation of the plaintiff). Similarly, diversity for removal may arise where a plaintiff settles with all non-diverse defendants. *See*, *e.g.*, *Landry v. Eagle, Inc.*, 2012 WL 2338736, op. at *3 (E.D. La. Jun. 19, 2012). The key question in both of these fact situations – like the question in *Reichley* – is whether there is finality as to the non-diverse defendant. As noted by the *Landy* court:

> A case that was not originally removable under federal diversity jurisdiction because of the presence of a nondiverse defendant may be removed only after it is clear under applicable state law that all nondiverse defendants have been effectively removed from the case, leaving a controversy between the plaintiff and diverse defendants. Federal courts must look to state law to determine whether a nondiverse defendant is no longer effectively a party to a case.

*Id.*

---

[3] There are some circumstances where a case is removable even though it would not appear to facially removable when filed and even though no defendant is dismissed from the case, most notably the rule that "[w]hen a court is assessing whether diversity jurisdiction exists over a particular case, it may ignore the citizenship of parties fraudulently joined." *Moss v. Defender Servs. Inc.,* 2009 WL 90136 at *2 (E.D.Mo. Jan. 14, 2009) (*citing Anderson v. Home Ins. Co.,* 724 F.2d 82, 84 (8th Cir.1983)). Fraudulent joinder is not an issue in this case.

To that end, it seems clear that under Missouri law, Petway has not been effectively removed from the litigation. For instance, if the Burds and CPIC were to proceed to trial in state court, it seems clear that Missouri law would not allow an immediate appeal thereafter inasmuch the claim against Petway would still remain before the state court. *See*, *e.g.*, *Lee v. Investors Title Co., Inc.*, 202 S.W.3d 93, 94 (Mo. App. [E.D.] 2006)[4] ("An appellate court only has jurisdiction over final judgments that dispose of all parties and claims and that leave nothing for future determination."). Inasmuch as the presence of a pending claim against Petway would prevent the rendering of a final judgment, the Court concludes that it is clear under Missouri law that Petway has <u>not</u> been effectively removed from the case.

Moreover, even if Missouri law were ambiguous on this point, the Court must bear in mind the Eighth Circuit's admonition that "[a]ll doubts about federal jurisdiction should be resolved in favor of remand to state court" [*In re Prempro Products Liability Litigation*, 591 F.3d 613, 620 (8th Cir. 2010)]. The Court concludes that CPIC's removal in this case was improvident in that there is not complete diversity of citizenship between the plaintiffs and the defendants. In light of this legal conclusion, the Court does not reach the Burds' alternative ground for a remand, namely that the notice of removal was not timely filed.

For the foregoing reasons, it is

**ORDERED** that the Burds' motion to remand [Doc. 6] is **GRANTED**. Accordingly, it is further

**ORDERED** that the Clerk of the Court shall REMAND this matter to the Circuit Court of Jackson County, Missouri.

---

[4] In the *Lee* case, the court rejected the argument of the appealing defendant that "all claims against it ha[d] been resolved and those claims were entirely separate from those of the other defendant." *Id*.

8

*/s/ John T. Maughmer*
**John T. Maughmer**
**United States Magistrate Judge**